1   Alan Harris (SBN 146079)
    HARRIS & RUBLE
2   6424 Santa Monica Boulevard
    Los Angeles, California 90038
3   Telephone: 323.962.3777
    Facsimile: 323.962.3004
4   aharris@harrisandruble.com

5   David S. Harris (SBN 215224)
    NORTH BAY LAW GROUP
6   116 E. Blithedale Avenue, Suite #2
    Mill Valley, California 94941-2024
7   Telephone: 415.388.8788
    Facsimile: 415.388.8770
8   dsh@northbaylawgroup.com

9   James D. Rush (SBN 240284)
    LAW OFFICES OF JAMES D. RUSH, APC
10  7665 Redwood Boulevard, Suite 200
    Novato, CA 94945
11  Telephone: 415.897.4801
    Facsimile: 415.897.5316
12  jr@rushlawoffices.com

13  Attorneys for Plaintiffs
    Nicola Covillo and Troyreac Henry

14

15              UNITED STATES DISTRICT COURT

16          NORTHERN DISTRICT OF CALIFORNIA

17  NICOLA COVILLO and TROYREAC          Case No. __ CV 11 0594
    HENRY, individually and on behalf of
18  all others similarly situated,         COMPLAINT
                                           [Class Action and Collective Action]
19              Plaintiffs,
                                           1.   Failure to Pay Minimum Wage and
20      v.                                      Overtime Compensation, California
                                                Labor Code §§ 510 and 1194
21  SPECIALTY'S CAFE AND                   2.   Continuing Wages, California Labor
    BAKERY, INC., CRAIG SAXTON                  Code § 203
22  and DAWN SAXTON,                       3.   Failure to Provide Accurate Itemized
                                                Wage Statements, California Labor
23              Defendants.                     Code § 226
                                           4.   Failure to Pay Minimum Wage and
24                                              Overtime Compensation, Fair Labor
                                                Standards Act, 29 U.S.C. § 201 et seq.
25                                         5.   Restitution and Injunctive Relief
                                                under Section 17200 et seq. of the
26                                              California Business and Professions
                                                Code
27
                                           DEMAND FOR JURY TRIAL
28

                              1
                          COMPLAINT

Plaintiffs Nicola Covillo ("Covillo") and Troyreac Henry ("Henry") (collectively, "Plaintiffs"), by and through their undersigned counsel, allege as follows:

## JURISDICTION AND VENUE

1.      This is a civil action seeking unpaid minimum wages and overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207, and 216, continuing wages, restitution, injunctive relief, damages and attorneys' fees and costs.

2.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this case individually and as a class action.   Plaintiffs also bring this action as a collective action under the FLSA, 29 U.S.C. § 216(b).

3.      Venue as to Defendant Specialty's Cafe & Bakery, Inc. ("Defendant" or "Specialty's"), Defendant Craig Saxton and Defendant Dawn Saxton, is proper in this judicial district.  Defendants maintain an office, transact business, have an agent, or are found in the Counties of San Francisco, Alameda, San Mateo, and Santa Clara and are within the jurisdiction of this Court for purposes of service of process.  The unlawful acts alleged herein had a direct effect on and were committed within the State of California.

## PARTIES

4.      Plaintiff Covillo is an individual who, during the time periods relevant to this Complaint, was employed by Defendant in the County of San Francisco, State of California.

5.      Plaintiff Henry is an individual who, during the time periods relevant to this Complaint, was employed by Defendant in the County of San Francisco, State of California.

6.      Defendant Specialty's is a California Corporation that operates 22 stores in the State of California, with locations in Irvine, Los Angeles, Milpitas, Mountain View, Newport Beach, Oakland, Redwood City, San Diego, San Francisco, San Jose, San Mateo, Santa Clara, and South San Francisco under the name "Specialty's Café & Bakery." Specialty's also operates two store locations in the State of Illinois and eight store locations in the State of Washington. Specialty's is authorized to do business in the

1   State of California and is headquartered at 115 Sansome Street, Suite 300, San Francisco,

2   California 94104.  At each of the store locations, Plaintiffs are informed and believe that

3   Specialty's employs bakers, barristas, sales associates, managers, catering managers and

4   associates, drivers, cooks, and dishwashers.

5       7.      Defendants Craig Saxton and Dawn Saxton are the founders and owners of

6   Defendant Specialty's.  Defendants Craig and Dawn Saxton are responsible for

7   Specialty's policies and practices as herein alleged.  Under the FLSA, Defendants Craig

8   and Dawn Saxton are the employer of Plaintiffs and members of the collective action as

9   alleged herein.

10   ## GENERAL ALLEGATIONS

11      8.      Defendant employed Covillo as a team lead at a Specialty's store located in

12   the City of San Francisco between in or around July 2006 and in or around September

13   2007.  In her capacity as team lead, Covillo's duties included, but were not limited to,

14   baking, customer service, food preparation, assistance with payroll and timecards, and

15   contact with vendors.  Twice a month during weekends, Covillo was required to go to the

16   store to remove the bread from the freezer in preparation for baking the following

17   Monday morning.  Covillo was largely not compensated for the time she was required to

18   go to the store during the weekends.  Covillo's employment was terminated in or around

19   September 2007, but to date, she has not been compensated all of her earned wages.

20      9.      Defendant employed Henry as a customer service associate and team lead at

21   a Specialty's store located in the City of San Francisco and later, at a store located in the

22   City of Oakland between in or around October 2007 and in or around October 2009.  In

23   her capacity as customer service associate and team lead, Henry's duties included, but

24   were not limited to, baking, working the register, cleaning, assisting customers, stocking

25   the displays, checking e-mails, counting the money in the safe, reviewing reports, and, at

26   times, letting repair workers into the store on weekends.  Henry was terminated by

27   Defendant on or about October 19, 2009, but to date, has not been compensated for all of

28   her earned wages.

10.     Defendant required its store employees to wear uniforms provided by Defendant. As the uniforms were maintained at the Specialty's stores, Plaintiffs were required to arrive early before every shift in order to change into their uniforms. Likewise, after every shift, Plaintiffs once again spent some time changing from Defendant's uniforms to their street clothes. The wearing of the Specialty's uniform was an integral part of Plaintiffs' duties, however, Plaintiffs were not compensated for the time they spent donning and doffing Defendant's uniforms. In fact, Defendant had a written policy regarding Punching In and Punching Out. Attached hereto as **Exhibit 1** is a true and correct copy of Defendant's "Punching In and Punching Out" policy, which provides:

Some simple rules:

Punch in <u>AFTER</u> you have put your uniform on and are <u>READY</u> to work.

Punch out <u>BEFORE</u> you change your clothes, make calls, make yourself pretty/handsome or whatever you do.

You are only able to punch in early if a MANAGER asks you to. If you punch in early without permission your time will be adjusted and you will have graciously donated your own time to Specialty's free of charge.

Thank you!  Management

(<u>See</u> Ex. 1 hereto) (emphasis in original).

11.     At all relevant times mentioned herein, the relevant portion of section 201(a) of the California Labor Code provided: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately," while section 202 of the California Labor Code provides for payment within 72 hours of employees who quit. Cal. Lab. Code §§ 201(a), 202.

12.     At all times relevant hereto, sections 510, 1194, and 1198 of the California Labor Code and 8 California Code of Regulations section 11040[1] required (1) the payment of at least the minimum wage, (2) the payment of wages equal to one-and-one-

---

[1] Section 11040 sets forth the relevant Industrial Welfare Commission Wage Order.

half times an employee's regular rate of pay for all hours worked in excess of eight per day or forty per week and (3) the payment of wages equal to double the employee's regular rate of pay for all hours worked in excess of twelve per day and for all hours worked in excess of eight on the seventh day of work in any one workweek.

13.    Similarly, at all times relevant hereto, the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. require the payment of at least minimum wage, (see 29 U.S.C. § 206), and overtime as follows:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

14.    At all relevant times mentioned herein, section 510 of the California Labor Code provided, in relevant part:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for

1   any hour of overtime work. The requirements of this section do not apply to

2   the payment of overtime compensation to an employee working pursuant to

3   any of the following:

4   (1) An alternative workweek schedule adopted pursuant to Section 511.

5   (2) An alternative workweek schedule adopted pursuant to a collective

6   bargaining agreement pursuant to Section 514.

7   Cal. Lab. Code § 510.

8   15.    At all relevant times mentioned herein, section 1194(a) of the California

9   Labor Code provided, in relevant part:

10   (a) Notwithstanding any agreement to work for a lesser wage, any employee

11   receiving less than the legal minimum wage or the legal overtime

12   compensation applicable to the employee is entitled to recover in a civil

13   action the unpaid balance of the full amount of this minimum wage or

14   overtime compensation, including interest thereon, reasonable attorney's

15   fees, and costs of suit.

16   Cal. Lab. Code § 1194(a).

17   16.    With regard to the employment of Plaintiffs as described above, the

18   provisions of subparagraphs (1) and (2) of section 510 of the California Labor Code were

19   inapplicable in that no alternative workweek schedule had been adopted pursuant to

20   section 510 and Plaintiffs' employment were not governed by a collective bargaining

21   agreement as described in section 514 of the California Labor Code.

22   17.    During their employment with Defendant, Defendant failed to provide

23   Plaintiffs with minimum and/or overtime compensation as required by the California

24   Labor Code and/or Industrial Welfare Commission Order No. 4-2001 ("Wage Order 4").

25   18.    At all relevant times mentioned herein, section 204 of the California Labor

26   Code provided, in relevant part:

27   All wages, other than those mentioned in Section 201, 202, 204.1, or 204.2,

28   earned by any person in any employment are due and payable twice during

each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

Cal. Lab. Code § 204.

19.     To date, Defendant has failed to compensate Plaintiffs for all of their earned wages in accordance with the California Labor Code and Wage Order 4.

20.     Defendant's failure to pay Plaintiffs within the time provided by section 201 of the California Labor Code has been and is "willful" within the meaning of section 203 of the California Labor Code and, accordingly, he is entitled to the "continuing wages" for which provision is made by section 203.

21.     At all relevant times mentioned herein, section 203 of the California Labor Code provided:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202 and 202.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until action therefore is commenced; but the wages shall not continue for more than 30 days.

Cal. Lab. Code § 203.

22.     At all relevant times mentioned herein, section 226 of the California Labor Code provided:

(a)     Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in

writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

. . . .

(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

Cal. Lab. Code § 226.

    23.    Throughout the period of Plaintiffs' employment with Defendant, Defendant

1   failed to provide them with the data required by section 226 of the California Labor

2   Code.  Defendant failed to provide the *actual* "gross wages earned," the *actual* "total

3   hours worked by the employee," and the *actual* "net wages earned."  See Cal. Lab. Code

4   § 226(a).

5          24.    Additionally, Plaintiffs and the other store employees were prevented from

6   taking proper rest and meal breaks pursuant to California Labor Code sections 226.7 and

7   512 and the applicable Wage Order.  For example, Defendant required Plaintiffs to

8   "punch out" for meal breaks even if the meal break was not taken.  In addition, Defendant

9   would adjust employees' timecards to reflect that a meal break had been taken before the

10  fifth hour of work even if the meal break was taken after.  Plaintiffs allege that

11  Defendant's failure to provide proper rest and meal breaks to Plaintiffs and other store

12  employees subjects Defendant to civil penalties.  Plaintiffs will request authorization

13  from the California Labor and Workforce Development Agency ("LWDA") to collect

14  civil penalties against Defendant under the Private Attorneys General Act ("PAGA"),

15  California Labor Code section 2698 *et seq.*, on behalf of themselves and other former and

16  current aggrieved employees.

17         25.    At all relevant times, section 2699 of the California Labor Code, PAGA,

18  provided in subpart (a) and subparts (f) through (g):

19         (a) Notwithstanding any other provision of law, any provision of this code that

20         provides for a civil penalty to be assessed and collected by the Labor and

21         Workforce Development Agency or any of its departments, divisions, boards,

22         agencies or employees, for a violation of this code, may, as an alternative, be

23         recovered through a civil action brought by an aggrieved employee on behalf of

24         himself or herself and other current or former employees.

25         . . . .

26         (f) For all provisions of this code except those for which a civil penalty is

27         specifically provided, there is established a civil penalty for a violation of

28         these provisions, as follows . . . (2) If, at the time of the alleged violation, the

1    person employs one or more employees, the civil penalty is one hundred

2    dollars ($100) for each aggrieved employee per pay period for the initial

3    violation and two hundred dollars ($200) for each aggrieved employee per

4    pay period for each subsequent violation.

5    . . . .

6    (g) Except as provided in paragraph (2), an aggrieved employee may recover

7    the civil penalty described in subdivision (f) in a civil action pursuant to the

8    procedures specified in Section 2699.3 filed on behalf of himself or herself

9    and other current or former employees against whom one or more of the

10   alleged violations was committed. Any employee who prevails in any action

11   shall be entitled to an award of reasonable attorney's fees and costs. Nothing

12   in this part shall operate to limit an employee's right to pursue or recover

13   other remedies available under state or federal law, either separately or

14   concurrently with an action taken under this part.

15   Cal. Lab. Code § 2699.

16       26.    Upon authorization from the LWDA, Plaintiffs will add a claim for relief for

17   civil penalties under PAGA.  Pursuant to section 2698 *et seq.* of the California Labor

18   Code, Plaintiffs contend that they will be entitled to recover civil penalties against

19   Defendant on behalf of themselves and other former or current aggrieved employees for

20   Defendant's violations of the California Labor Code and applicable Industrial Welfare

21   Commission Wage Order.

22       27.    At all times relevant herein, section 210(a) of the California Labor Code

23   provided, in relevant part:

24       (a) In addition to, and entirely independent and apart from, any other penalty

25       for which provision is made in this article, every person who fails to pay the

26       wages of each employee as provided in Sections 204, 204b, 204.1, 204.2,

27       205, 205.5, and 1197.5, shall be subject to a civil penalty as follows:

28           (1) For any initial violation, one hundred dollars ($100) for each failure

1   to pay each employee.

2       (2) For each subsequent violation, or any willful or intentional violation,

3   two hundred dollars ($200) for each failure to pay each employee, plus 25

4   percent of the amount unlawfully withheld.

5   Cal. Lab. Code § 210(a).

6       28.   At all times relevant herein, section 226.3 of the California Labor Code

7   provided, in relevant part:

8       Any employer who violates subdivision (a) of Section 226 shall be subject to

9       a civil penalty in the amount of two hundred fifty dollars ($ 250) per

10      employee per violation in an initial citation and one thousand dollars ($

11      1,000) per employee for each violation in a subsequent citation, for which

12      the employer fails to provide the employee a wage deduction statement or

13      fails to keep the records required in subdivision (a) of Section 226. The civil

14      penalties provided for in this section are in addition to any other penalty

15      provided by law.

16  Cal. Lab. Code § 226.3.

17      29.   At all times relevant herein, section 558 of the California Labor Code

18  provided, in relevant part:

19      Any employer or other person acting on behalf of an employer who violates,

20      or causes to be violated, a section of this chapter or any provision regulating

21      hours and days of work in any order of the Industrial Welfare Commission

22      shall be subject to a civil penalty as follows: (1) For any initial violation,

23      fifty dollars ($50) for each underpaid employee for each pay period for

24      which the employee was underpaid in addition to an amount sufficient to

25      recover underpaid wages. (2) For each subsequent violation, one hundred

26      dollars ($100) for each underpaid employee for each pay period for which

27      the employee was underpaid in addition to an amount sufficient to recover

28      underpaid wages. (3) Wages recovered pursuant to this section shall be paid

1    to the affected employee.

2  Cal. Lab. Code § 558.

3        30.   At all times relevant herein, section 1197.1 of the California Labor Code

4  provided, in relevant part:

5        (a) Any employer or other person acting either individually or as an officer,

6        agent, or employee of another person, who pays or causes to be paid to any

7        employee a wage less than the minimum fixed by an order of the

8        commission shall be subject to a civil penalty as follows:

9           For any initial violation that is intentionally committed, one hundred

10       dollars ($100) for each underpaid employee for each pay period for which

11       the employee is underpaid.

12          For each subsequent violation for the same specific offense, two hundred

13       fifty dollars ($250) for each underpaid employee for each pay period for

14       which the employee is underpaid regardless of whether the initial violation is

15       intentionally committed.

16  Cal. Lab. Code § 1197.1.

17                    **CLASS-ACTION ALLEGATIONS**

18       31.   The class represented by Plaintiff (hereafter referred to as the "Class")

19  consists of all natural persons who were employed by Specialty's in California during the

20  period beginning four years prior to the filing of this Complaint (such persons are

21  referred to hereafter as "Class Members," and such period is referred to hereafter as the

22  "Class Period").

23       32.   Defendant's failure to pay minimum wages and overtime compensation, as

24  required by sections 510 and 1194 of the California Labor Code, entitles Plaintiffs and

25  each Class Member to their unpaid minimum wages and/or overtime compensation, with

26  interest, and liquidated damages in accordance with sections 1194 and 1194.2 of the

27  California Labor Code.

28       33.   Defendant's failure to make payments within the time provided by sections

201 or 202 of the California Labor Code has been and is "willful" within the meaning of section 203 of the California Labor Code and that, accordingly, Plaintiffs and each Class Member who quit or was discharged and was not paid in accordance with the law is entitled to the continuing wages provided for by section 203 of the California Labor Code.

34.    Defendant, as to Plaintiffs and each Class Member, also failed to accurately provide the data required by section 226(a) of the California Labor Code and, accordingly, Defendant's failure to provide such data entitles Plaintiffs and each Class Member to either actual damages or statutory liquidated damages, whichever is greater.

35.    The number of Class Members is great, believed to be in excess of 300 hundred persons, but fewer than 3,000 persons.  It therefore is impractical to join each Class Member as a named plaintiff.  Accordingly, utilization of a class action is the most economically feasible means of determining the merits of this litigation.

36.    Despite the size of the proposed class, the Class Members are readily ascertainable through an examination of the records that Defendant is required by law to keep.  Likewise, the dollar amount owed to each Class Member is readily ascertainable by an examination of those same records.

37.    Common questions of fact and of law predominate in the Class Member's claims over individual issues regarding the money owed to each Class Member. Common questions include, but are not limited to, the following:

a.    Whether Defendant failed to pay Plaintiffs and Class Members for all hours worked.

b.    Whether Defendant's failure to pay Plaintiffs minimum wage and/or overtime for all hours worked subjects them to liquidated damages under the California Labor Code.

c.    Whether Defendant failed to provide accurate itemized wage statements to each and every employee.

d.    Whether Defendant's failure to provide accurate itemized wage

statements to each and every employee violates sections 226, 226.3, 1174, and/or 1174.5 of the California Labor Code and 8 California Code of Regulations section 11040.

e.      Whether Defendant failed to pay all wages in a timely fashion upon each and every employee's discharge from or resignation of employment in violation of sections 201 and/or 202 of the California Labor Code.

f.      Whether Defendant's conduct constitutes unlawful, unfair, or fraudulent business practices.

g.      Whether Defendant's conduct constitutes unfair competition.

h.      Whether Plaintiffs and Class Members are entitled to injunctive relief prohibiting Defendant from not providing employees with all wages earned and unpaid promptly upon termination or resignation.

i.      Whether Plaintiffs and Class Members are entitled to equitable relief in the form of restitution for Defendant's not providing employees with accurate itemized wage statements.

j.      Whether Defendant's misconduct as alleged herein was intentional.

k.      Whether Plaintiff and Class Members were injured by Defendant's misconduct as alleged herein.

38.    There is a well-defined community of interest in the questions of law and fact common to the Class Members.

39.    Plaintiffs' claims are typical of the claims of the Class Members, which claims all arise from the same general operative facts, namely, Defendant did not compensate its employees as required by the and the California Labor Code and applicable Wage Order and did not accurately furnish to Class Members the information required by section 226(a) of the California Labor Code.  Plaintiffs have no conflict of interest with the other Class Members and is able to represent the Class Members' interests fairly and adequately.

40.    A class action is a superior method for the fair and efficient adjudication of

1   this controversy. The persons within the Class are so numerous that joinder of all of

2   them is impracticable. The disposition of all claims of the members of the Class in a

3   class action, rather than in individual actions, benefits the parties and the Court. The

4   interest of the Class Members in controlling the prosecution of separate claims against

5   Defendant is small when compared with the efficiency of a class action.

6                 **FLSA COLLECTIVE-ACTION ALLEGATIONS**

7        41.   In this collective action, Plaintiffs seek to represent all individuals who, at

8   any time during the three years preceding the filing of this Complaint, were or have been

9   employed by Specialty's in the United States (the "Collective Action Members").

10       42.   Plaintiffs are similarly situated with the Collective Action Members in that:

11   (a) Plaintiffs and the Collective Action Members were employed by Defendant; (b)

12   Plaintiffs and the Collective Action Members were not paid their overtime and minimum

13   wages for all hours worked; (c) Defendant knowingly and willfully violated provisions of

14   the FLSA, by not paying Plaintiffs and the Collective Action Members their wages; (d)

15   As a result of the practice of Defendant of withholding compensation for all hours

16   worked, Plaintiffs and the Collective Action Members have been similarly damaged in

17   that they have not received timely payment in full of their earned wages.

18       43.   This action is maintainable as an "opt-in" collective action pursuant to 29

19   U.S.C. § 216(b) as to claims for liquidated damages, costs and attorneys' fees under the

20   FLSA.

21       44.   All individuals employed by Defendants Specialty's, Craig Saxton and

22   Dawn Saxton should be given notice and be allowed to give their consent in writing, i.e.,

23   "opt in," to the collective action pursuant to 29 U.S.C. § 216(b).

24                      **FIRST CLAIM FOR RELIEF**

25     (Cal. Lab. Code §§ 510 and 1194, Failure to Pay Minimum Wage and Overtime)
                          (As against Defendant Specialty's)

26       45.   Plaintiffs replead, reallege, and incorporate by reference each and every

27   allegation set forth in the Complaint.

28

46.     Defendant, by failing to pay Plaintiffs and the Class Members at least minimum wage and/or overtime compensation for all of their hours worked, has violated sections 510 and 1194 of the California Labor Code.

47.     Plaintiffs and the Class Members are, accordingly, entitled to recovery of the unpaid balance of the full amount of their unpaid minimum wage and/or overtime compensation, including interest thereon, reasonable attorneys' fees and costs of suit, in accordance with section 1194(a) of the California Labor Code.

48.     Plaintiffs and the Class Members are also entitled to liquidated damages in accordance with section 1194.2 of the California Labor Code.

## SECOND CLAIM FOR RELIEF
### (Cal. Lab. Code § 203, Continuing Wages)
### (As against Defendant Specialty's)

49.     Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in the Complaint.

50.     Plaintiff Covillo's employment was terminated in or around September 2007, but was not provided her wages within the time provided by section 201 of the California Labor Code, despite Defendant's knowledge of its obligation to do so. Plaintiff Henry was discharged on or about October 19, 2009, but was not provided her wages within the time provided by section 201 of the California Labor Code, despite Defendant's knowledge of its obligation to do so. Defendant's actions were "willful" within the meaning of section 203 of the California Labor Code.

51.     Plaintiffs and each Class Member who was discharged or quit, are therefore entitled to continuing wages from the date on which his or her final wages were due until the date on which Defendant makes payment of the wages, not to exceed thirty days.

## THIRD CLAIM FOR RELIEF
### (Cal. Lab. Code § 226, Failure to Provide Accurate Pay Stubs)
### (As against Defendant Specialty's)

52.     Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in the Complaint.

53.     Defendant employed Plaintiffs and the Class Members but failed to accurately provide them with the data required by section 226(a) of the California Labor Code.  For example, Defendant failed to provide Plaintiffs with the actual gross wages earned, the actual total hours worked by the employee, and the actual net wages earned.  See Cal. Lab. Code § 226(a).  Accordingly, Plaintiffs and each Class Member are entitled to damages and costs and attorney's fees, demand for which is hereby made in accord with the provisions of California Labor Code section 226(e).

## FOURTHCLAIM FOR RELIEF
(Failure to Pay Minimum Wage and/or Overtime Compensation,
Fair Labor Standards Act, 29 U.S.C. § 216(b))
(As against all Defendants)

54.     Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in the Complaint.

55.     Defendant has intentionally and improperly failed to pay Plaintiffs and Collective Action Members minimum wage and/or overtime compensation to which they are entitled.

56.     During their employment with Defendant, Plaintiffs and Collective Action Members were not paid for all of their time worked.

57.     Accordingly, Plaintiffs, individually and on behalf of others similarly situated, request payment of minimum wages and/or overtime compensation according to proof, liquidated damages, attorney's fees, and costs pursuant to 29 U.S.C. § 216(b).

## FIFTH CLAIM FOR RELIEF
(Request for Restitution and Injunctive Relief for Illegal Business Practices, Cal. Bus. &
Prof. Code § 17200 et seq.)
(As against Defendant Specialty's)

58.     Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in the Complaint.

59.     Plaintiffs are suing both in their individual capacity and on behalf of the general public, and are proper representative Plaintiffs because they have suffered direct

1    harm from the illegal business practices herein alleged.

2         60.    Beginning at an exact date unknown to Plaintiffs, Defendant has committed

3    acts of unfair business practice as defined in California Business and Professions Code

4    section 17200 *et seq.* by engaging in the following acts and practices:  (1) failing to

5    provide minimum wage and/or overtime compensation to its employees in accordance

6    with sections 510 and 1194 of the California Labor Code; (2) failing to pay its discharged

7    employees in accordance with sections 201, 202, and 203 of the California Labor Code;

8    (3) providing pay stubs that do not include the data required by section 226 of the

9    California Labor Code; and (4) violating the Fair Labor Standards Act.

10        61.    The acts and practices as described in the paragraph above violate Business

11   and Professions Code section 17200 *et seq.* in the following respects:

12        i.     Defendant's policy and practice of failing to pay its employees minimum

13   wage and overtime compensation violates sections 510 and 1194 of the California Labor

14   Code and the Fair Labor Standards Act, and, consequently, constitutes an unlawful

15   business act or practice within the meaning of Business and Professions Code section

16   17200 *et seq.*;

17        ii.    Defendant's policy and practice of failing to pay its discharged or quitting

18   employees at the times mandated by sections 201 and 202 of the California Labor Code

19   constitutes an unlawful business act or practice within the meaning of Business and

20   Professions Code section 17200 *et seq.*;

21        iii.   Defendant's policy and practice of failing to provide certain pay-stub data

22   violates section 226 of the California Labor Code and, consequently, constitutes an

23   unlawful business act or practice within the meaning of Business and Professions Code

24   section 17200 *et seq.*;

25        iv.    Defendant's violation of the Fair Labor Standards Act is in contravention of

26   federal law and, consequently, constitutes an unlawful business act or practice within the

27   meaning of Business and Professions Code section 17200 *et seq.*; and

28        62.    Under section 17200 *et seq.* of the Business and Professions Code, this

1  Court is authorized to enter such judgment or order as may be necessary to restore to any

2  person in interest the money or property acquired by Defendant through its unlawful and

3  unfair business practices.

4       63.     Plaintiffs and the Class Members are, therefore, entitled to a judgment of

5  this Court requiring Defendant to pay to Plaintiffs and each identifiable Class Member

6  the unpaid compensation and continuing wages, to which such individuals were and are

7  entitled but which have been denied them by reason of Defendant's conduct alleged

8  herein.

9       64.     In other words, Plaintiffs and the Class Members are entitled to restitution of

10  their unpaid minimum wage and overtime compensation and continuing wages, as such

11  funds should be distributed to the individuals who are rightfully entitled to such monies.

12       65.     The named Plaintiffs are proper persons to bring this litigation as a

13  "representative action" to compel restitution.  The named Plaintiffs are persons who have

14  suffered damage as a result of the unlawful actions of Defendant herein alleged.  The

15  actions of Defendant herein alleged are in violation of various statutes and in

16  contravention of established public policy, and, accordingly, a court order compelling it

17  to cease and desist from such actions and to make restitution is a vindication of an

18  important public right.  The extent to which Defendant has been unjustly enriched as a

19  result of its unlawful and unfair business practices is a matter that can be ascertained by

20  examination of the payroll and accounting records that Defendant is required by law to

21  keep and maintain and that Defendant has kept and maintained.

22       66.     The identity of the persons to whom restitution should be made is a matter

23  that can be ascertained from those records that Defendant is required by law to keep and

24  maintain and that it has kept and maintained.

25       67.     Plaintiffs' efforts in securing the requested relief will result "in the

26  enforcement of an important right affecting the public interest," as "a significant benefit,

27  whether pecuniary or nonpecuniary, [will] be[] conferred on . . . a large class of persons."

28  Cal. Civ. Proc. Code § 1021.5.  Moreover, because "the necessity and financial burden of

private enforcement . . . are such as to make [an attorney's fee] award appropriate, and [because attorney's] fees should not in the interest of justice be paid out of the recovery, if any," id., Plaintiffs request that the Court also award reasonable attorney's fees pursuant to the provisions of section 1021.5 of the California Code of Civil Procedure.

68.     Plaintiffs and the Class Members have no plain, speedy, or adequate remedy at law, inasmuch as Defendant, unless enjoined by an order of this Court, will continue to violate systematically the provisions of sections 201, 202, 203, 204, 226, 510, and 1194 of the California Labor Code, the applicable Wage Order, the Fair Labor Standards Act and the Code of Federal Regulations.

69.     Accordingly, injunctive relief is proper and necessary pursuant to section 17203 of the California Business and Professions Code.

70.     Pursuant to section 17205, the remedies and penalties provided by section 17200 et seq. are cumulative to the remedies and penalties available under all other laws of this state.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment as follows:

1.     That this Court certify the Class Action described in this Complaint.

2.     That this Court certify the Collective Action described in this Complaint.

3.     That, with respect to the First Claim for Relief, this Court enter judgment in favor of Plaintiffs and the Class Members for payment of their unpaid minimum wages and/or overtime compensation, interest thereon, liquidated damages, reasonable attorneys' fees and costs of suit, according to proof, in accordance with sections 1194(a) and 1194.2 of the California Labor Code.

4.     That, with respect to the Second Claim for Relief, it be adjudged that the failure of Defendant to make payment of wages within the time prescribed by sections 201 and/or 202 of the California Labor Code was "willful" within the meaning of section 203 of the California Labor Code and that this Court award Plaintiffs and Class Members continuing wages according to proof.

1    5.    That, with respect to the Third Claim for Relief, this Court enter judgment in

2    favor of Plaintiffs and Class Members for damages, reasonable attorney's fees, and costs

3    of suit, each according to proof, in accordance with section 226(e) of the California Labor

4    Code.

5    6.    That, with respect to the Fourth Claim for Relief, this Court enter judgment

6    in favor of Plaintiffs and the Class Members for payment of their unpaid minimum wages

7    and/or overtime compensation, interest thereon, liquidated damages, reasonable

8    attorneys' fees and costs of suit, according to proof, in accordance with the FLSA, 29

9    U.S.C. § 216(b).

10    7.    That, under the Fifth Claim for Relief, it be adjudged that Defendant's

11    violations of sections 201, 202, 203, 204, 226, 510, and 1194 of the California Labor

12    Code, violated section 17200 *et seq.* of the California Business and Professions Code.

13    Accordingly, Plaintiffs request that the Court order Defendant to pay restitution to

14    Members of the Plaintiff Class in the form of the overtime compensation, wages, and

15    continuing wages unlawfully retained by Defendant, with interest.  Furthermore, Plaintiff

16    requests that the Court issue an order or decree pursuant to section 17203 of the

17    California Business and Professions Code that permanently enjoins Defendant from

18    pursuing its practice of violating sections 201, 202, 203, 204, 226, 510, and 1194 of the

19    California Labor Code and the applicable Wage Order.  Finally, Plaintiffs request that the

20    Court award Plaintiffs their reasonable attorney's fees and costs incurred in the

21    prosecution of the Fifth Claim for Relief pursuant to section 1021.5 of the California

22    Code of Civil Procedure.

23    8.    For such further relief as the Court may order.

24    Plaintiffs demand a trial by jury as to all counts.

25    DATED: February 8, 2011                    HARRIS & RUBLE

26    _____

27                                               Alan Harris
                                               *Attorney for Plaintiffs*

28

# EXHIBIT 1

# Punching In  and  Punching Out



## Some simple rules:

Punch in <u>AFTER</u> you have put your uniform on and are <u>READY</u> to work.

Punch out <u>BEFORE</u> you change your clothes, make calls, make yourself pretty/handsome or whatever you do.

You are only able to punch in early if a MANAGER asks you to. If you punch in early without permission your time will be adjusted and you will have graciously donated your own time to Specialty's free of charge.

*Thank you ! Management*