ROBERT M. PATTISON (State Bar No. 103528)
JOANNA L. BROOKS (State Bar No. 182986)
PUNAM SARAD (State Bar No. 217091)
RONALD J. MARTINEZ (State Bar No. 262628)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, CA  94105
Telephone    415.394.9400
Facsimile:    415.394.9401
Email:         pattisonr@jacksonlewis.com
                brooksj@jacksonlewis.com
                saradp@jacksonlewis.com
                ronald.martinez@jacksonlewis.com

Attorneys for Defendants
SPECIALTY'S CAFÉ & BAKERY, INC.
(erroneously sued as SPECIALTY'S CAFÉ AND
BAKERY, INC.), CRAIG SAXTON and
DAWN SAXTON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLA COVILLO and TROYREAC HENRY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SPECIALTY'S CAFÉ AND BAKERY, INC., CRAIG SAXTON and DAWN SAXTON,<br><br>Defendants. | Case No. 1-CV-11-0594 DMR<br><br>**ANSWER TO COMPLAINT** |

Defendants Specialty's Café & Bakery, Inc., erroneously sued as Specialty's Café & Bakery, Inc. ("Specialty's"), Craig Saxton and Dawn Saxton (collectively "Defendants") hereby answer the Complaint of Plaintiffs as follows:

### JURISDICTION AND VENUE

1. In response to paragraph 1 of the Complaint, Defendants admit the allegations contained therein for purposes of determining jurisdiction only. Except as expressly admitted herein, Defendants deny each and every remaining allegation contained in paragraph 1.

2. In response to paragraph 2 of the Complaint, Defendants admit the allegations contained therein for purposes of determining jurisdiction only. Except as expressly admitted

herein, Defendants deny each and every remaining allegation contained in paragraph 2.

3. In response to paragraph 3 of the Complaint, Defendants admit Defendant Specialty's conducts business in the Counties of San Francisco, Alameda, San Mateo, and Santa Clara. Except as expressly admitted herein, Defendants deny each and every remaining allegation contained in paragraph 3.

## PARTIES

4. In response to paragraph 4 of the Complaint, Defendants cannot admit or deny these allegations contained therein as the allegations are ambiguous as to which Defendant allegedly employed Plaintiff Covillo. To the extent a response is required, Defendants deny each and every allegation contained in paragraph 4. Plaintiff Covillo was employed by Defendant Specialty's, but was not employed by Defendant Craig Saxton or Defendant Dawn Saxton.

5. In response to paragraph 5 of the Complaint, Defendants cannot admit or deny these allegations contained therein as the allegations are ambiguous as to which Defendant allegedly employed Plaintiff Henry. To the extent a response is required, Defendants deny each and every allegation contained in paragraph 5. Plaintiff Henry was employed by Defendant Specialty's, but was not employed by Defendant Craig Saxton or Defendant Dawn Saxton.

6. In response to paragraph 6 of the Complaint, Defendants admit Defendant Specialty's is a California Corporation, that it has 21 locations in California and operates under the name "Specialty's Café & Bakery," that it also operates two stores in Illinois and eight stores in Washington, and that Specialty's is headquartered in San Francisco, California. Defendant Specialty's also admits it employs individuals who work in a variety of positions at each of its stores. Except as expressly admitted herein, Defendants deny each and every allegation contained in paragraph 6.

7. In response to paragraph 7 of the Complaint, Defendants admit Craig Saxton and Dawn Saxton are the founders of and shareholders in Defendant Specialty's. Except as expressly admitted herein, Defendants deny each and every remaining allegation contained in paragraph 7.

## ALLEGATIONS

8. In response to paragraph 8 of the Complaint, Defendants admit Plaintiff worked as

a team lead at a Specialty's store located in the City of San Francisco from August 11, 2006 to September 21, 2007. Except as expressly admitted, Defendants deny each and every allegation contained therein.

9. In response to paragraph 9 of the Complaint, Defendants admit Plaintiff Henry was employed as a team lead at a Specialty's store in San Francisco and another store located in the City of Oakland between from October 5, 2007 to October 20, 2009, and that her employment terminated on or about October 20, 2009. Except as expressly admitted, Defendants deny each and every allegation contained therein.

10. In response to paragraph 10 of the Complaint, Defendants admit only that Specialty's has provided uniforms to its store employees. Except as expressly admitted, Defendants deny each and every allegation contained therein, including the authenticity of Exhibit 1, referenced in paragraph 10 to the Complaint.

11. In response to paragraph 11, Defendants admit only that California common law and statutory law including California Labor Code Sections 201 and 202, speaks for itself. Except as expressly admitted, Defendants deny each and every allegation of paragraph 11.

12. In response to paragraph 12 of the Complaint, Defendants admit only that California common law and statutory law including California Labor Code Sections 2011, 510, 1194, 1198 and 8 California Code of Regulations Section 11040, speaks for itself. Except as expressly admitted, Defendants deny each and every allegation of paragraph 12.

13. In response to paragraph 13 of the Complaint, Defendants admit only that federal common law and statutory law including 29 USC Section 201 et seq., speaks for itself. Except as expressly admitted, Defendants deny each and every allegation of paragraph 13.

14. In response to paragraph 14 of the Complaint, Defendants admit only that California common law and statutory law including California Labor Code Section 510, speaks for itself. Except as expressly admitted, Defendants deny each and every allegations of paragraph 14.

15. In response to paragraph 15 of the Complaint, Defendants admit only that California common law and statutory law including California Labor Code Section 1194(a),

speaks for itself. Except as expressly admitted, Defendants deny each and every allegations of paragraph 15.

16.     In response to paragraph 16, Defendants admit the allegations of paragraph 16.

17.     In response to paragraph 17, Defendants deny each and every allegation of paragraph 17.

18.     In response to paragraph 18 of the Complaint, Defendants admit only that California common law and statutory law including California Labor Code Section 204, speaks for itself. Except as expressly admitted, Defendants deny each and every allegation of paragraph 18.

19.     Defendants deny each and every allegation of paragraph 19.

20.     Defendants deny each and every allegation of paragraph 20.

21.     In response to paragraph 21 of the Complaint, Defendants admit only that California common law and statutory law including California Labor Code Section 203, speaks for itself. Except as expressly admitted, Defendants deny each and every allegation of paragraph 21.

22.     In response to paragraph 22 of the Complaint, Defendants admit only that California common law and statutory law including California Labor Code Section 226, speaks for itself. Except as expressly admitted, Defendants deny each and every allegation of paragraph 22.

23.     In response to paragraph 23 of the Complaint, Defendants deny each and every allegation of paragraph 23.

24.     In response to paragraph 24 of the Complaint, Defendants are unable to admit or deny the allegation that Plaintiffs will request authorization from the California Labor and Workforce Development Agency ("LWDA"). Defendants deny each and every remaining allegation of paragraph 24.

25.     In response to paragraph 25 of the Complaint, Defendants admit only that California common law and statutory law including California Labor Code Section 2699, speaks for itself. Except as expressly admitted, Defendants deny each and every allegation of paragraph

25.

26. In response to paragraph 26 of the Complaint, Defendants deny each and every allegation of paragraph 26.

27. In response to paragraph 27 of the Complaint, Defendants admit only that California common law and statutory law including California Labor Code Section 210(a), speaks for itself. Except as expressly admitted, Defendants deny each and every allegation of paragraph 27.

28. In response to paragraph 28 of the Complaint, Defendants admit only that California common law and statutory law including California Labor Code Section 226.3, speaks for itself. Except as expressly admitted, Defendants deny each and every allegation of paragraph 28.

29. In response to paragraph 29 of the Complaint, Defendants admit only that California common law and statutory law including California Labor Code Section 558, speaks for itself. Except as expressly admitted, Defendants deny each and every allegation of paragraph 29.

30. In response to paragraph 30 of the Complaint, Defendants admit only that California common law and statutory law including California Labor Code Section 1197.1, speaks for itself. Except as expressly admitted, Defendants deny each and every allegation of paragraph 30.

## CLASS ACTION ALLEGATIONS

31. In response to paragraph 31 of the Complaint, Defendants lack information sufficient to form, a belief as to the truth of those allegations and on that basis deny them.

32. Defendants deny each and every allegation of paragraph 32.

33. Defendants deny each and every allegation of paragraph 33.

34. Defendants deny each and every allegation of paragraph 34.

35. Defendants admit Specialty's employed fewer than 3,000 individuals in the four years prior to the filing of the Complaint in this action, but denies that those employees can be members of the class pled. Except as expressly admitted, Defendants deny the allegations of

1  paragraph 35.

2      36.    Defendants deny each and every allegation of paragraph 36.

3      37.    Defendants deny each and every allegation of paragraph 37.

4          a.    Defendants deny each and every allegation of paragraph 37(a).

5          b.    Defendants deny each and every allegation of paragraph 37(b).

6          c.    Defendants deny each and every allegation of paragraph 37(c).

7          d.    Defendants deny each and every allegation of paragraph 37(d).

8          e.    Defendants deny each and every allegation of paragraph 37(e).

9          f.    Defendants deny each and every allegation of paragraph 37(f).

10         g.    Defendants deny each and every allegation of paragraph 37(g).

11         h.    Defendants deny each and every allegation of paragraph 37(h).

12         i.    Defendants deny each and every allegation of paragraph 37(i).

13         j.    Defendants deny each and every allegation of paragraph 37(j).

14         k.    Defendants deny each and every allegation of paragraph 37(k).

15     38.    Defendants deny each and every allegation of paragraph 38.

16     39.    Defendants deny each and every allegation of paragraph 39.

17     40.    Defendants deny each and every allegation of paragraph 40.

18     **FLSA COLLECTIVE-ACTION ALLEGATIONS**

19     41.    In response to paragraph 41 of the Complaint, Defendants lack information

20 sufficient to form, a belief as to the truth of those allegations and on that basis deny them..

21     42.    In response to paragraph 42 of the Complaint, Defendants deny its allegations.

22     43.    In response to paragraph 43 of the Complaint, Defendants deny its allegations.

23     44.    In response to paragraph 44 of the Complaint, Defendants deny its allegations.

24     **FIRST CLAIM FOR RELIEF**

25     **(Cal. Lab. Code §§ 510 and 1194, Failure to Pay Minimum Wage and Overtime)**

26     **(As Against Defendant Specialty's)**

27     45.    In response to paragraph 45 of the Complaint, Defendants incorporate their

28 responses to paragraphs 1- through 44.

1  46.  In response to paragraph 46 of the Complaint, Defendants deny each and every allegation in paragraph 46.

47.  In response to paragraph 47 of the Complaint, Defendants deny each and every allegation in paragraph 47.

48.  In response to paragraph 48 of the Complaint, Defendants deny each and every allegation in paragraph 48.

### SECOND CLAIM OF ACTION

(Violations of Cal. Lab. Code § 203)

(As Against Defendant Specialty's)

49.  In response to paragraph 45 of the Complaint, Defendants incorporate their responses to paragraphs 1 through 49.

50.  In response to paragraph 50 of the Complaint, Defendant Specialty's admits Plaintiff Covillo's employment terminated on September 21, 2007 and Plaintiff Henry's employment terminated on October 20, 2009. Except as expressly admitted, Defendants deny each and every allegation of paragraph 50.

51.  In response to paragraph 51 of the Complaint, Defendants deny each and every allegation in paragraph 51.

### THIRD CAUSE OF ACTION

(Violations of Cal. Lab. Code § 226)

(As Against Defendant Specialty's)

52.  In response to paragraph 52 of the Complaint, Defendants incorporate their responses to paragraphs 1 through 51.

53.  In response to paragraph 53 of the Complaint, Defendant Specialty's admits only that it employed Plaintiffs. Except as expressly admitted, Defendants deny each and every allegation of paragraph 53.

///

///

///

## FOURTH CAUSE OF ACTION

### (Violations of Fair Labor Standards Act, 29 USC Section 216(b))

### (As Against All Defendants)

54. In response to paragraph 54 of the Complaint, Defendants incorporate their responses to paragraph 1-54.

55. In response to paragraph 55 of the Complaint, Defendants are unable to ascertain to which Defendant this allegation pertains. Notwithstanding, Defendants deny each and every allegation of paragraph 55.

56. In response to paragraph 56 of the Complaint, Defendants are unable to ascertain to which Defendant this allegation pertains. Notwithstanding, Defendants deny each and every allegation of paragraph 56.

57. In response to paragraph 57 of the Complaint, Defendants are unable to ascertain to which Defendant this allegation pertains. Notwithstanding, Defendants deny each and every allegation of paragraph 57.

## FIFTH CAUSE OF ACTION

### (Violations of Bus. & Prof. Code § 17200)

### (As Against Defendant Specialty's)

58. In response to paragraph 58 of the Complaint, Defendants incorporate their responses to paragraphs 1 through 57.

59. In response to paragraph 59 of the Complaint, Defendants deny each and every allegation of paragraph 59.

60. In response to paragraph 60 of the Complaint, Defendants deny each and every allegation of paragraph 60.

61. In response to paragraph 61 of the Complaint, Defendants deny each and every allegation of paragraph 61.

   i. In response to paragraph 61(i) of the Complaint, Defendants deny each and every allegation of paragraph 61(i).

   ii. In response to paragraph 61(ii) of the Complaint, Defendants deny each

and every allegation of paragraph 61(ii).

    iii.    In response to paragraph 61(iii) of the Complaint, Defendants deny each and every allegation of paragraph 61(iii).

    iv.    In response to paragraph 61(iv) of the Complaint, Defendants deny each and every allegation of paragraph 61(iv).

62. In response to paragraph 62, Section 17200 et seq. of the California Business and Professions Code speaks for itself. Defendants deny each and every allegation of paragraph 62.

63. In response to paragraph 63 of the Complaint, Defendants deny each and every allegation of paragraph 63.

64. In response to paragraph 64 of the Complaint, Defendants deny each and every allegation of paragraph 64.

65. In response to paragraph 65 of the Complaint, Defendants deny each and every allegation of paragraph 65.

66. In response to paragraph 66 of the Complaint, Defendants deny each and every allegation of paragraph 66.

67. In response to paragraph 67 of the Complaint, Defendants deny each and every allegation of paragraph 67.

68. In response to paragraph 68 of the Complaint, Defendants deny each and every allegation of paragraph 68.

69. In response to paragraph 69 of the Complaint, Defendants deny each and every allegation of paragraph 69.

70. In response to paragraph 70 of the Complaint, Defendants are cannot determine from the allegations included in paragraph 70 to which statutory provisions paragraph 70 refers, and on that basis deny the allegations of paragraph 70.

### **AFFIRMATIVE DEFENSES**

By way of affirmative defenses to the allegations of the Complaint herein, Defendants allege as follows:

///

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint, and all causes of action contained therein, fail to state a claim against Defendants or any of them for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiffs are barred from recovering any damages for lost wages, or any recovery for lost wages must be reduced, if and to the extent that Plaintiffs failed to exercise reasonable diligence to mitigate their alleged damages, if any.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver and Release of Alleged Claims)

Plaintiffs' Complaint and each alleged Claim are barred in whole or in part to the extent that Plaintiffs or any alleged class member or injured party has previously pursued and resolved any claim for unpaid wages or penalties before the California Department of Industrial Relations, Division of Labor Standards Enforcement or the United States Department of Labor.

## FOURTH AFFIRMATIVE DEFENSE

### (Adequate Legal Remedies)

The Complaint's First Claim for equitable relief is barred in whole or in part to the extent Plaintiffs have an adequate remedy at law.

## FIFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The Complaint's Second and Third Claims are barred in whole or in part by the applicable statutes of limitations, including without limitation Code of Civil Procedure Section 338 subdivision (a) or Code of Civil Procedure Section 340 subdivisions (a) and (b), to the extent the claims exceed the three-year limitations period.

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The Complaint's First Claim is barred in whole or in part by the applicable statute of

limitations, including without limitation Business and Professions Code Section 17208, to the extent the claims exceed the four-year limitations period.

### SEVENTH AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

The Complaint's Second Claim is barred in whole or part by the applicable statutes of limitation, including, but not limited to, Code of Civil Procedure Sections 340(a) and 340(b).

### EIGHTH AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

The Complaint's Fourth Claim is barred in whole or part by the applicable statutes of limitation, including, but not limited to 29 USC Section 255.

### NINTH AFFIRMATIVE DEFENSE

**(Lack of Standing)**

The Complaint and all claims contained therein are barred to the extent Plaintiffs lack standing to bring the instant action on behalf of themselves or other unnamed putative class or collective action members.

### TENTH AFFIRMATIVE DEFENSE

**(Good Faith)**

To the extent Plaintiffs seek statutory penalties, such penalty must be barred or reduced to the extent Defendants acted in good faith and non-willfully.

### ELEVENTH AFFIRMATIVE DEFENSE

**(Failure to Satisfy Rule 23 Requirements)**

Plaintiffs cannot establish the requirements of Rule 23 of the Federal Rules of Civil Procedure for a class action for their claims.

### TWELFTH AFFIRMATIVE DEFENSE

**(Inadequacy of Class Representative)**

This case is not appropriate for class certification because Plaintiffs are not able to fairly and adequately protect the interests of all members of the putative class.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Typicality)

This case is not appropriate for class certification because the liability issues raised by the Complaint lack typicality and require an individualized inquiry with respect to each putative class member and therefore individual issues predominate.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Commonality)

This case is not appropriate for class certification because the facts and law common to the case are insignificant compared to the individual facts and issues particular to Plaintiffs and the alleged putative class members.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Class Action is Not Superior Method of Adjudication)

This case is not appropriate for class certification because a far speedier administrative remedy before the California State Labor Commissioner is available to Plaintiffs and each alleged putative class member, and thus class treatment, is not the superior method for resolving the alleged claims of unpaid overtime and other compensation.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

On information and belief, the Complaint, and each cause of action contained therein, is barred to the extent the Plaintiffs come to this Court with unclean hands.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Offset)

Plaintiffs and the members of the putative classes are barred from recovering any damages for lost wages, or any recovery for lost wages must be offset or reduced, if and to the extent Defendant Specialty's has already compensated them for the alleged wage violations or compensated them in excess of what was required by law and/or Defendant Specialty's is entitled to a set-off for amounts Plaintiffs and the putative classes owe Defendants for receipt of any wages and other benefits to which they were not entitled and/or did not earn.

### EIGHTEENTH AFFIRMATIVE DEFENSE

**(Due Process)**

Although Defendants deny that they have committed or have responsibility for any act that could support the recovery against Defendants in this lawsuit, if any, to the extent any such act is found, such recovery against Defendants is unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the Excessive Fines Clause of the Eighth Amendment, the Due Process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment and other provisions of the United States Constitution, and the Excessive Fines Clause of Section 17 of Article I, the Due Process Clause of Section 7 of Article I and other provisions of the California Constitution.

### NINETEENTH AFFIRMATIVE DEFENSE

**(Lack of Knowing and Intentional Violation)**

Defendants allege that, even assuming arguendo, Plaintiffs and/or putative class members were not provided with a proper itemized statement of wages and deductions, Plaintiffs and the putative class members are not entitled to recover damages because Defendants' alleged failure to comply with California Labor Code Section 226(a) was not a "knowing and intentional failure" under California Labor Code Section 226(e).

### TWENTIETH AFFIRMATIVE DEFENSE

**(No Willful Violation)**

Defendants allege that, to the extent that Plaintiffs seek to recover waiting time and other statutory penalties, Plaintiffs have failed to state a claim for such penalty because, even assuming arguendo that Plaintiffs are entitled to additional compensation, Defendants have not willfully or intentionally failed to pay any such additional compensation to Plaintiffs and they never made a demand for such additional compensation.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

**(Good Faith)**

Plaintiffs' claims, and those claims of any other person on whose behalf Plaintiffs seek to assert a claim under the Fair Labor Standards Act, are barred to the extent that Defendants'

actions have been taken in good faith, in conformity with, and reliance upon established rulings, administrative regulations and interpretations of the Fair Labor Standards Act within the meaning of 29 U.S.C. Section 259.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### (*De Minimis*)

Even if the allegations contained in Plaintiffs' Complaint are true (which they are not), to the extent that the time for which Plaintiffs allege that they and any other person on whose behalf Plaintiffs seek to assert a claim that they have not been compensated involve only insubstantial or insignificant periods of time, these periods of time are *de minimis* and are not compensable under the Fair Labor Standards Act

### TWENTY-THIRD AFFIRMATIVE DEFENSE

#### (Uncompensable Time)

Even if the allegations contained in Plaintiffs' Complaint are true (which they are not), to the extent the personal protective equipment worn by employees is primarily for the benefit of the employees, the time putting on or taking off such equipment is not compensable under the Fair Labor Standards Act.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

#### (Good Faith Reliance)

With regard to both the time periods preceding and following the Supreme Court's opinion in *IBP, Inc. v. Alvarez*, 546 U.S. 21 (2005), Defendants' actions have been in good faith and based upon reasonable grounds for believing that such violations were not in violation of the Fair Labor Standards Act within the meaning of 29 U.S.C. Section 260. Defendants' good faith defense to liquidated damages is specifically based upon Department of Labor regulations, opinions and interpretations of the Fair Labor Standards Act by the Department of Labor and any other government agencies, prior results and decisions in other actions relating to the compensability of activities performed or allegedly performed by employees in various industries, and articles and publications regarding the requirements of the Fair Labor Standards Act.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Uncompensable Time Portal-to-Portal Act)

Plaintiffs' claims are barred to the extent that Plaintiffs seek compensation for activities that are non-compensable under the Portal-to-Portal Act including 29 U.S.C. Section 254(a).

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Uncompensable Time)

Plaintiffs' claims for compensation are barred to the extent Plaintiffs seek to assert claims for time spent donning and doffing any protective gear or clothing which Plaintiffs are permitted to don and doff at home or otherwise away from the workplace.

## TWENTY-SEVENTH AFFIMRATIVE DEFENSE

### (Preliminary and Postliminary Activities)

All activities related to putting on or removing clothing or protective gear, to the extent performed by Plaintiffs or other employees, constitute activities which are preliminary or postliminary to any principal activities which such employees are employed to perform, and are not compensable.

## PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiffs take nothing by their Complaint;
2. That the Complaint and each claim be dismissed in its entirety with prejudice;
3. That Plaintiffs be denied each and every demand and prayer for relief contained in the Complaint;

///
///
///
///
///
///
///

4. For costs of suit incurred herein, including reasonable attorneys' fees; and

5. For such other and further relief as the Court deems just and equitable.

Dated: April 6, 2011

JACKSON LEWIS LLP

By: /s/ Robert M. Pattison
Robert M. Pattison
JoAnna L. Brooks
Punam Sarad
Ronald J. Martinez
Attorney for Defendants
SPECIALTY'S CAFÉ & BAKERY,
INC., CRAIG SAXTON and
DAWN SAXTON

16

ANSWER TO COMPLAINT                                    Case No. 1-11-CV-0594 DMR