Alan Harris (SBN 146079)
HARRIS & RUBLE
6424 Santa Monica Boulevard
Los Angeles, California 90038
Telephone: 323.962.3777
E-mail:aharris@harrisandruble.com

David S. Harris (SBN 215224)
NORTH BAY LAW GROUP
116 E. Blithedale Avenue, Suite #2
Mill Valley, California  94941-2024
Telephone: 415.388.8788
E-mail: dsh@northbaylawgroup.com

James D. Rush (SBN 240284)
LAW OFFICES OF JAMES D. RUSH, APC
7665 Redwood Boulevard, Suite 200
Novato, CA 94945
Telephone: 415.897.4801
E-mail: jr@rushlawoffices.com

Attorneys for Plaintiffs
NICOLA COVILLO, TROYREAC HENRY
and JOHN CHISHOLM

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLA COVILLO, TROYREAC HENRY and JOHN CHISHOLM, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>SPECIALTY'S CAFE AND BAKERY, INC., and CRAIG SAXTON,<br><br>　　　　　　Defendants. | Case No.   11-CV-00594-DMR<br><br>**DECLARATION OF JOHN CHISHOLM IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS-ACTION SETTLEMENT**<br><br>Assigned to Honorable Donna M. Ryu<br>1301 Clay Street, Oakland, CA<br><br>Date:　February 27, 2014<br>Time:　11:00  AM<br>Court:　Courtroom 4, 3rd Floor |

John Chisholm declares under penalty of perjury as follows:

1. I make this Declaration in Support of Plaintiff's Motion for Final Approval of Class-Action Settlement. If sworn as a witness, I could competently testify to each and every fact set forth herein from my own personal knowledge.

2. I worked for Defendant Specialty's Café and Bakery Inc. ("Specialty's") at a café in San Francisco, California from January 2011 through July 2011. I was employed by Specialty's as a Driver. I was a non-exempt, hourly employee. In my capacity as a driver, I utilized my own personal vehicle to deliver food orders to various locations within San Francisco. Although I utilized by own personal vehicle to deliver Specialty's food orders, I was not reimbursed for all business-related expenses associated with these deliveries. Further, I was largely unable to take 10-minute rest breaks every four hours worked or major portion thereof. Additionally, in certain instances, I was unable to take an uninterrupted 30-minute lunch break within the first five hours of my shift.

3. In connection with this lawsuit, I feel as though I am a good representative of others who have worked for Specialty's. I have spent a great deal of time performing "on-line" review of many of the applicable laws and case decisions. My main concern is that all employees be treated fairly. As a class representative, I understand that I will continue to act as a representative of other, unnamed class members and that, as such a representative, I owe a duty of good faith to the unnamed class members and I will not act just in my own self-interest. My interest in prosecuting the lawsuit is to secure compensation for all of the members of the class on account of Specialty's failure to comply with California and Federal labor laws. I have not been promised any special monetary reward or treatment for acting as a class representative. I have no interest adverse to the members of the class as a whole and I believe that my individual claims are typical of the claims of the members of the class as a whole.

4. Since the Class Notice was mailed out, I have spoken with a number of class members and I have attempted to assist them in answering their questions and/or putting them in contact with the individuals who can assist them. All of the individuals with

whom I have spoken have advised that they are pleased with the settlement and they all intend to participate.

5. I believe I am similarly situated with the potential members of the class in that, like me: (a) the potential members of the class were employed by Specialty's as hourly employees in cafes throughout California; (b) the potential members of the class were not all routinely provided with 10-minute breaks for shifts between three and one-half to six hours in length, two ten minute rest breaks for shifts of more than six hours up to ten hours, three ten minute rest breaks for shifts of more than ten hours up to fourteen hours, and so forth; (c) some of the potential members of the class were not provided with overtime payments based on the correct, regular rate of pay, (d) some of the potential members were not reimbursed for all business-related expenses; and (e) as a result of Specialty's employment practices, some of the potential class members have been damaged in that they have not received timely payment in full of earned wages and reimbursement of all business-related expenses.

6. I have taken an active role in this litigation by conferring with counsel and assisting in gathering information for the prosecution of the lawsuit. Additionally, I actively participated in two separate mediation sessions in offices in San Francisco. I was not present at the third mediation session that took place in Los Angeles in December 2012, but I was advised by my attorneys regarding that mediation as well as the follow-up settlement negotiations that took place after that mediation and which culminated in this settlement. To that end, I have reviewed the settlement agreement and amendment to the settlement agreement and the pleadings filed in support of approval of the settlement and I believe that the terms are fair, adequate, and reasonable to the class. I understand that my fiduciary obligations to the class will continue until all settlement procedures are concluded and the settlement funds are distributed to the class members. As I have throughout the course of the litigation, I intend to continue to take an active part in the litigation and to continue to participate in settlement procedures.

7. At the conclusion of the Claims Period, I spoke with my attorneys and

understand there was a very positive response rate of approximately 33% through January 21, 2014. I understand this response rate will continue to go up as additional valid claim forms are received by the Claims Administrator. As I stated, all of the class members with whom I have spoken have confirmed that they are pleased with the settlement, appreciate the fact that we brought this lawsuit on their behalf and they all intend to participate in the settlement. My attorneys have advised me that there have been no class members who have either opted out of the settlement nor have there been any class members who have filed an objection, both of which indicate widespread approval of the settlement by my fellow class members.

8. I have read the foregoing and the facts set forth herein are true and correct of my own personal knowledge.

Executed on January 23, 2014, in Oakland, California.

_____/s/ John Chisholm_____
John Chisholm